UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JASKARN SINGH,

      Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

      Respondent.

No. 19-9524
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

This case involves Mr. Jaskarn Singh, a citizen of India facing

removal from the United States. Seeking to remain here, Mr. Singh

requested asylum, withholding of removal, and protection under the

Convention Against Torture. An immigration judge denied relief, and the

---

[*]    Oral argument would not materially help us to decide this appeal, so
we have decided the petition for review based on the briefs and the record
on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

      This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Board of Immigration Appeals dismissed the appeal. Mr. Singh has filed a petition for review, and we deny the petition.

**1.      Mr. Singh's Entry into the United States**

Mr. Singh entered the United States without a valid entry document. Upon entering the country, he sought asylum.

Mr. Singh's request for asylum focused on his experience in India. When living in India's Punjab region, Mr. Singh had joined a minority political party called the "Shiromani Akali Dal Mann." In this region, the Congress Party was among the more dominant political parties. Mr. Singh allegedly experienced verbal threats and physical harassment by members of the Congress Party.

Mr. Singh testified that he had experienced harassment when hanging posters for his political party. According to Mr. Singh, four men saw him and demanded that he join the Congress Party. He refused, and the four men threatened to kill Mr. Singh.

A few months later, the four men and two or three others spotted Mr. Singh and beat him, telling him that he had already been warned to leave his political party. Mr. Singh and his father tried to tell police about this attack. But the police allegedly refused to take a report and kicked Mr. Singh and his father out of the police station.

Afterward, Mr. Singh allegedly received 25 to 30 threatening telephone calls. Scared, Mr. Singh changed his telephone number and

moved in with a relative in Delhi, the capital of India. Mr. Singh did not receive any more threats after moving to Delhi.

Mr. Singh's father later died. Mr. Singh initially claimed that his father's death had resulted from depression triggered by threats from Congress Party activists. But Mr. Singh later admitted that he did not know what caused his father's death.

## 2.    Standard of Review

We consider the record as a whole to determine whether the Board's factual findings are supported by substantial evidence. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004).[1] Under the substantial evidence standard, the Board's factual findings "are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Rivera-Barrientos v. Holder*, 666 F.3d 641, 645 (10th Cir. 2012) (quoting *Hang Kannha Yuk v. Ashcroft*, 355 F.3d 1222, 1233 (10th Cir. 2004)).[2]

---

[1]    This petition for review involves a brief order issued by a single Board member under 8 C.F.R. § 1003.1(e)(5). This order is the Board's final determination, so we confine our review to the Board's reasoning. *Diallo v. Gonzales*, 447 F.3d 1274, 1278–79 (10th Cir. 2006).

[2]    We generally provide liberal construction of filings by pro se litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But the Attorney General opposes liberal construction, arguing that Mr. Singh apparently received assistance with his briefs. Respondent's Br. at 20 n.5. But we would deny Mr. Singh's petition for review even after liberally construing it, so we need not address the Attorney General's argument against liberal construction.

3

### 3.    Denial of Asylum

For eligibility to obtain asylum, Mr. Singh must show (1) a well-founded fear of future persecution, (2) past persecution creating a rebuttable presumption of a well-founded fear of future persecution, or (3) past persecution severe enough to demonstrate compelling reasons for his unwillingness or inability to return to India. *Wiransane v. Ashcroft*, 366 F.3d 889, 893 (10th Cir. 2004).

### A.    Past Persecution

In considering the allegations of past persecution, the immigration judge and the Board addressed Mr. Singh's credibility. The immigration judge found that Mr. Singh lacked credibility. The Board took a different approach, accepting Mr. Singh's credibility but concluding that his version of events wouldn't rise to the level of persecution.

To amount to persecution, the harm must extend beyond "restrictions or threats to life and liberty." *Ritonga v. Holder*, 633 F.3d 971, 975 (10th Cir. 2011) (internal quotation marks omitted). This inquiry is factual. *Zhi Wei Pang v. Holder*, 665 F.3d 1226, 1231 (10th Cir. 2012).

The Board found that the threats and injuries to Mr. Singh did not constitute persecution. Mr. Singh challenges these findings, arguing that a reasonable fact finder could have reached a contrary finding. Petitioner's Br. at 6. But Mr. Singh must do more than show the reasonableness of a contrary finding. He must instead show that "any reasonable adjudicator

4

would be compelled to conclude to the contrary." *Sarr v. Gonzales*, 474 F.3d 783, 788–89 (10th Cir. 2007) (quoting *Sviridov v. Ashcroft*, 358 F.3d 722, 727 (10th Cir.2004)); *see* pp. 3–4 above. An adjudicator would need to reach a different conclusion only if the Board's findings lacked "reasonable, substantial, and probative" evidentiary support. *Hayrapetyan v. Mukasey*, 534 F.3d 1330, 1335 (10th Cir. 2008) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

Because Mr. Singh does not question the existence of reasonable, substantial, and probative evidence for the Board's findings on past persecution, we cannot disturb these findings.

## B.    Fear of Future Persecution

Even without proving past persecution, an applicant can obtain asylum by showing a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). But asylum is unavailable if it would be feasible for the applicant to avoid persecution by relocating to another part of the country of origin. *Id.* at § 208.13(b)(2)(ii).

The Board held that Mr. Singh did not establish a well-founded fear of future persecution. In the Board's view, Mr. Singh could avoid future persecution by relocating to Delhi or another part of India that lay beyond the Congress Party's control.

Mr. Singh challenges this finding, arguing that the Congress Party's operatives could locate him anywhere in India. But before coming to the

5

United States, Mr. Singh lived in Delhi without suffering persecution. And he has not presented evidence showing persecution of Shiromani Akali Dal Mann activists in Delhi or other parts of India that aren't under the control of the Congress Party. Without that evidence, we conclude that the Board had reasonable, substantial, and probative evidence to find that Mr. Singh had not shown a well-founded fear of future persecution.

* * *

We have no basis to disturb the Board's denial of asylum.

4.      **Denial of Withholding of Removal**

To qualify for withholding of removal, Mr. Singh must show that it is "more likely than not" that he would face persecution. *INS v. Stevic*, 467 U.S. 407, 429–30 (1984). This standard for withholding of removal is harder to satisfy than the standard for obtaining asylum based on a well-founded fear of persecution. *Ritonga v. Holder*, 633 F.3d 971, 978 (10th Cir. 2011).

Given Mr. Singh's inability to satisfy the asylum standard, we have even less reason to disturb the Board's denial of his application for withholding of removal. *See id.* (explaining that "an applicant who fails to satisfy the asylum eligibility requirement necessarily fails to qualify for restriction on removal").

**5.     Denial of Protection Under the Convention Against Torture**

Mr. Singh also sought protection under the Convention Against Torture. To prevail, Mr. Singh needed to show that he would likely suffer torture if he were returned to India. *Zhi Wei Pang v. Holder*, 665 F.3d 1226, 1233–34 (10th Cir. 2012). The Board denied relief, concluding that Mr. Singh had failed to satisfy this burden. We conclude that the Board's finding was supported by reasonable, substantial, and probative evidence.[3]

**6.     Conclusion**

We lack any basis to disturb the Board's denial of asylum, withholding of removal, or protection under the Convention Against Torture. So we deny Mr. Singh's petition for review.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[3]     The Attorney General argues that Mr. Singh failed to adequately brief an argument involving the denial of relief under the Convention Against Torture. For the sake of argument, we may consider the argument adequately briefed.